In re FALK INTERIORS, INC., f/k/a Sharbill, Inc., Debtor.

Bankruptcy No. WF7–86–00087.

United States Bankruptcy Court, W.D. Wisconsin.

April 24, 1986.

William L. Eifrig, Stevens Point, Wis., for debtor.

Robert D. Reid, Wausau, Wis., for James R. and Marion R. Falkavage.

## OPINION AND ORDER

WILLIAM H. FRAWLEY, Bankruptcy Judge.

James R. and Marion R. Falkavage, by Robert D. Reid, have brought this motion seeking relief from the 11 U.S.C. § 362 automatic stay. The debtor, by William L. Eifrig, opposes the motion and argues that the Falkavages do not possess a properly perfected security interest. The trustee concurs with the position of the debtor. The parties agree that the only issue before the court is whether the Falkavages possess a valid, properly perfected, security interest. The parties have stipulated to the relevant facts and ask the court to determine the issue upon briefs which have been submitted.

The debtor was originally incorporated under the name of Sharbill, Inc. On September 28, 1984, the debtor entered into an agreement to purchase assets from another entity, Falk Interiors, Inc. This sale was consummated on October 29, 1984, and a security agreement was entered into at that same time. At the time of the agreement Falk Interiors, Inc., was the name of a corporation owned by the Falkavages. The agreement contained a clause wherein the seller agreed to change its name in order to permit the buyer, the debtor, access to same.

> ... the corporation agrees that it will change its name to permit the buyer access to the use of the name either for purposes of forming a new corporation under the name or to permit buyer, while acting as the sole proprietorship or partnership, to do business under the name.

The seller did change its name to J.M. Falk, Inc., and filed amended articles of incorporation to effectuate the name change. The seller filed a financing statement with the Secretary of State for the State of Wisconsin on November 2, 1984, listing J.M. Falk, Inc., as the secured party and Sharbill, Inc., as the debtor. The financing statement claimed a security interest in:

-All inventory owned or hereafter acquired

-All equipment owned or hereafter acquired

-This lien is limited to the extent that all of said assets of a value in excess of the balance of principal remaining due on the promissory note dated October 29, 1984, to secured party shall be free of the lien.

Sharbill, Inc., amended its articles of incorporation to change its name to Falk Interiors, Inc. These amended articles were filed with the Secretary of State for the State of Wisconsin on November 21, 1984, and with the Register of Deeds for Portage County on November 26, 1984. The security interests held by J.M. Falk, Inc., were subsequently assigned to James R. and Marion R. Falkavage.

The debtor argues that the filed financing statement failed to perfect a security interest in the property of the debtor, because it was not also filed under the name of Falk Interiors, Inc. The debtor submits that the seller knew that: the debtor was intending to change its name, was intending to conduct business under the name of Falk Interiors, Inc., and was not intending to do any business under the name of Sharbill, Inc. The debtor points to the provision in the sales agreement that evidences such

an intent. The debtor contends that, under the circumstances of this case, the financing statement was so misleading that it violated the seller's obligation of good faith. Wis.Stat. § 401.203. The debtor argues that the seller had to file under the trade name of the debtor in order to perfect its security interest.

■■■ "A financing statement is sufficient if it gives the names of the debtor and the secured party...." Wis.Stat. § 409.-402(1)(a). "A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds trade names or names of partners." Wis.Stat. § 409.402(7). These provisions reflect a decision by the drafters to place the burden on the party searching the files to know the true name of the entity that possesses the property and also the burden on said party to trace the chain of title of the property to prior owners. *In re Southern Properties, Inc.,* 44 B.R. 838, 845 (Bankr.E.D.Va.1984). There is no question but that the legal name of the debtor on the date of filing the financing statement was Sharbill, Inc. It was necessary for the seller to file under the name of Sharbill, Inc., in order to perfect its security interest. A filing under another name would have been ineffective. The statutory language is also quite specific that a filing under the trade name of a debtor is not necessary. There is no evidence that the seller was attempting to mislead anyone. It is the conclusion of the court that the debtor [creditor] properly perfected its security interest in the property of the debtor.

The debtor next contends that the filed financing statement failed to perfect an interest in property acquired by the debtor after 4 months from the date of filing with the Secretary of State on November 21, 1984.

Where the debtor so changes his name or in the case of an organization its name, identity or corporate structure that a filed financing statement becomes seriously misleading, the filing is not effective to perfect a security interest in collateral acquired by the debtor more than 4 months after the change, unless a new appropriate financing statement is filed before the expiration of that time. A filed financing statement remains effective with respect to collateral transferred by the debtor even though the secured party knows of or consents to the transfer.

Wis.Stats. § 409.402(7). The Falkavages argue that the effective date of the name change was when the debtor filed its amended articles of incorporation with the Register of Deeds for Portage County. The Falkavages do not dispute the debtor's position that the name change caused the financing statement to become misleading. Wis.Stat. § 409.402(7). Hence, the Falkavages argue that the filed financing statement served to perfect a security interest in the after-acquired property of the debtor for 4 months from the date of filing with the Register of Deeds for Portage County, or until March 26, 1985. It is the conclusion of the court that the point in time that caused the 4 month period to begin to run was when the debtor filed its amended articles of incorporation with the Secretary of State. After such filing with the Secretary of State the financing statement was misleading and only perfected a security interest in the after-acquired property of the debtor for the subsequent 4 months.

■■■ In conclusion, the financing statement was properly filed under the corporate name of the debtor. This financing statement perfected the security interest of the seller in the property of the debtor. The subsequent name change of the debtor did not alter the secured status of the seller with respect to the actual property in which the seller held a perfected security interest. The property the debtor acquired after November 21, 1984, and until March 21, 1985, was also perfected by the financing statement. The property of the debtor that was acquired after March 21, 1985, or that did not fall within the scope of the financing statement is not subject to a perfected security interest of the Falkavages.

The debtor filed a bankruptcy petition for liquidation pursuant to 11 U.S.C. Chapter 7. The debtor's only objection to this motion for relief from stay was with respect to the validity of the security interest. Therefore, it is the conclusion of the court that the Falkavages should be granted relief from the 11 U.S.C. § 362 automatic stay.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### ORDER

NOW, THEREFORE, IT IS ORDERED THAT, the Falkavage's motion for relief from stay seeking permission to proceed against property in which they have a perfected security interest is hereby granted.